UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORLD FINANCIAL GROUP INSURANCE AGENCY,<br><br>    Plaintiff,<br><br>    v.<br><br>ERIC OLSON, et al.,<br><br>    Defendants. | Case No. 24-cv-00480-EJD<br><br>**ORDER DENYING APPLICATION FOR ALTERNATIVE SERVICE**<br><br>Re: ECF No. 83 |

Before the Court is Plaintiff World Financial Group Insurance Agency's ("WFGIA") *ex parte* application for an order permitting alternative service of Defendant DaJuan Cofield by email and Instagram message. ECF No. 83 ("Application" or "Appl."). For the reasons stated below, the Court DENIES WFGIA's application without prejudice.

**I.    BACKGROUND**

    **A.    Procedural Background**

WFGIA filed a complaint against Defendant Eric Olson on January 25, 2024, in the Santa Clara County Superior Court. ECF No. 1. Mr. Olson removed the case to this District on January 26, 2024. *Id.* On February 29, 2024, WFGIA filed an Amended Complaint, which added several new defendants, including Mr. Cofield. ECF No. 72. The Court issued a summons for Mr. Cofield the same day. ECF No. 78.

    **B.    Service Attempts**

According to WFGIA's Application, WFGIA made the following service attempts on Mr. Cofield (*see* Appl. 2–4):

March 1. On March 1, 2024, at 1:56pm, the process server attempted personal service at 6498 American Way, Placerville, California (the "Placerville address"). No one responded to the

server's knocks at the main house, guest house, and pool house.

<u>March 2</u>.  On March 2, 2024, at 5:05pm, the process server attempted personal service at the Placerville address and found the electronic gate closed with no response.

<u>March 3</u>.  On March 3, 2024, at 12:08pm, the process server attempted personal service at the Placerville address, but no one answered his knocks at any of the doors.

<u>March 4</u>.  On March 4, 2024, at 5:36pm, the process server attempted personal service at the Placerville address, but no one answered his knocks at any of the doors.

<u>March 5</u>.  On March 5, 2024, at 4:14pm, the process server attempted personal service at the Placerville address, but no one answered his knocks at any of the doors.

<u>March 7</u>.  On March 7, 2024, at 7:58am, the process server attempted personal service at the Placerville address, but no one answered the door.  At 10:59am, the process server attempted personal service at a potential office address for Mr. Cofield, 1035 Minnesota Avenue, Suite H, San Jose, California (the "Minnesota Avenue" address).  WFGIA states that this address came from "WFGIA's former address for Cofield, after WFGIA learned that many former agents converted their WFGIA addresses into addresses at Global Financial Impact, LLC ('GFI')." Appl. 2–3.  The process server learned this was an address for TransAmerica Financial Advisors, WFGIA's affiliate, and no one answered the door.  At 3:15pm, the process server attempted personal service at 21300 Victory Boulevard, Suite 120A, Woodland Hills, California.  This was another address WFGIA had "in its records for Cofield." *Id.* at 3.  The process server spoke to two tenants who did not know Mr. Cofield, while a third tenant said he no longer worked out of the office and rather worked in Northern California.

<u>March 8</u>.  On March 8, 2024, at 1:40pm, the process server attempted personal service at the Minnesota Avenue address.  No one answered the door, and the process server found the business main entrance door locked.  At 1:56pm, the process server attempted personal service at the Placerville address, but no one answered the door.

<u>March 9</u>.  On March 9, 2024, at 3:41pm, the process server attempted personal service at the Minnesota Avenue address.  No one answered the door.  At 7:14pm, the process server attempted personal service at the Placerville address, but no one answered the door.

2

1          <u>March 10</u>.  On March 10, 2024, at 5:27pm, the process server attempted personal service at
2  the Placerville address.  A woman answered the door and said Mr. Cofield no longer lived there.
3          <u>March 14</u>.  On March 14, 2024, at 1:35pm, the process server attempted personal service at
4  6409 Madden Avenue, Los Angeles, California, but no one answered the door.  This was an
5  address WFGIA contends it "obtained from Cofield's TLO report as an address where he
6  registered his insurance and driver's licenses." Appl. 3.
7          <u>March 15</u>.  On March 15, 2024, at 8:11am, the process server attempted personal service at
8  6409 Madden Avenue, Los Angeles, California, but no one answered the door.
9          <u>March 16</u>.  On March 16, 2024, at 5:41pm, the process server attempted personal service at
10 6409 Madden Avenue, Los Angeles, California, but no one answered the door.

## II.  DISCUSSION

Under Federal Rule of Civil Procedure 4, individuals and corporations may be served in manner that follows "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  *See* Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A).  California Code of Civil Procedure § 413.30 provides for alternative service "in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court."

The Ninth Circuit has expressed some concern with the limitations of electronic service, noting that "[i]n most instances, there is no way to confirm receipt of an email message." *Discord, Inc. v. Discord Sound*, No. 19-CV-05824-HSG, 2020 WL 553886, at *2 (N.D. Cal. Feb. 4, 2020) (citing *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002)). Nevertheless, the Ninth Circuit has ultimately left the decision "to the discretion of the district court to balance the limitations of email services against its benefits in any particular case." *Id.*

The Court recognizes that WFGIA has offered evidence that it made several attempts to serve Mr. Cofield at a physical address.  However, WFGIA has not established that service by email or Instagram message is reasonably calculated to provide actual notice to Mr. Cofield.  In *Discord*, the court permitted service by email and through defendants' Facebook account where plaintiff had "established that Defendants have been responding over the course of many months

3

to emails about this lawsuit sent to" the email addresses plaintiffs sought to effectuate service by. *Discord*, 2020 WL 553886, at *2. The plaintiff in *Discord* also established that defendants had responded to messages sent via Facebook. *Id.* (permitting service via email and Facebook message where "[t]he correspondence that Plaintiff [] attached to its motion indicates that Defendants are already aware of this litigation and have legal counsel").

Here, WFGIA states that email service is appropriate because Mr. Cofield "regularly communicated by email," and he "received WFG's email at his dc.baseshop23@gmail.com account" on January 24, 2024. Appl. 5. However, Exhibit A to the Declaration of Troy Valdez shows an email *sent* to Mr. Cofield. Declaration of Troy Valdez, Ex. A, ECF No. 83-5 at 5. WFGIA has not shown that the parties have a history of communicating via email or, at a minimum, that Mr. Cofield *sends* emails from that email address.

The same is true for his Instagram account. Even if Mr. Cofield "uses his Instagram regularly, posting every few days," that does not demonstrate that Mr. Cofield reviews his Instagram messages such that service by direct message would be reasonably calculated to effectuate service on him. Appl. 5.

Without some evidence that Mr. Cofield communicates via the email addresses provided or through Instagram messages, the Court cannot find that there is "reasonable assurance that [WFGIA's] email of the complaint and summons would be received at the email address[] [or through Instagram message] provided by [WFGIA]." *JBR, Inc. v. Cafe Don Paco, Inc.*, No. 12-CV-02377 NC, 2013 WL 1891386, at *6 (N.D. Cal. May 6, 2013) (citations omitted) (permitting service by email where plaintiff "provided evidence of [defendant's] email response, in which he confirmed his own email address"); *see also GSV Futures LLC v. Casmain L.P.*, No. 22-CV-05449-LB, 2022 WL 16856361, at *4 (N.D. Cal. Nov. 10, 2022) (permitting service by email where "representatives of the defendant have corresponded with the plaintiff by email and [through social media]").

Accordingly, WFGIA's request for alternative service of Mr. Cofield is DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: April 1, 2024

Edward J. Davila
United States District Judge